**LEWIS v. STATE ex rel. SHULL, Bank Com'r.**

No. 23555.    Sept. 8, 1936.

R. A. Wilkerson and Ernest R. Brown, for plaintiff in error.

M. B. Cope and John W. Hunt, for defendant in error.

RILEY, J.  This is an appeal from a judgment in favor of defendant in error in an action against plaintiff in error as a stockholder in an insolvent bank under the stockholder's double liability law, section 9130, O. S. 1931.

The Bank of Salina, located at Salina, Okla., a state bank, was declared insolvent on December 27, 1930.  The State Bank Commissioner took charge of it and its assets and ordered liquidation.

It appeared from the books of the bank that plaintiff in error was a stockholder. The books showed that he was the owner of five shares of the capital stock of the bank of the par value of $100 each.

This action was commenced April 8, 1931. Defendant answered, specifically denying that he was the owner and holder of said five shares of stock at the time the bank was closed or at any other time.  He admitted, however, that he had certain negotiations for the purchase of five shares of stock, but alleged that the negotiations were never completed in that no written assignment was ever executed transferring said stock to him; that there was no delivery of the stock; that the party who owned said stock could not lawfully transfer said stock to defendant, because he, the owner, was then indebted to the bank.

Defendant also admitted in his answer that he had executed a note in the sum of $500, and delivered it to said bank, but that he was induced by the bank and its president, through fraud and deceit, to execute and deliver said note as the purchase price of five shares of stock in said bank.  A strong case of fraud and deceit on the part of T. L. Walkinshaw, president of the bank, was pleaded.

By reply plaintiff alleged that defendant permitted his name to remain upon the books of the bank as a stockholder until after the bank was taken over by the Bank Commissioner in the interest of creditors, and was thereby estopped from denying liability upon the ground that he was induced to purchase the stock through fraudulent representations as to the financial condition of the bank.

The case went to trial before a jury, and the incorporation of the bank under the banking laws of the state and the order of the Bank Commissioner declaring the bank insolvent were stipulated.

Demand upon defendant for payment of the sum of $500, as alleged owner of five shares of capital stock, and refusal thereof are conceded.

The plaintiff offered in evidence, record of the bank, from the report of the Bank

Commissioner, showing that plaintiff was the owner of five shares of the capital stock of the bank, purporting to be represented by certificate No. 81. Stub of stock book certificate was introduced, purporting to show that stock certificate No. 81, for five shares of stock, was issued to defendant, Joe Lewis, 10-29-30; that said shares were transferred from _____, certificate No. 65, which was originally owned by Tom L. Walkinshaw. It was not shown that certificate No. 81, or any other certificate of stock, was ever delivered to defendant or receipted for by him.

Upon this evidence plaintiff rested, and defendant demurred to the evidence.

The demurrer was overruled, and the first proposition presented is that the court erred in overruling said demurrer.

The position of defendant appears to be that it was not only incumbent upon plaintiff to prove that the name of defendant appeared upon the books of the bank as a stockholder, but that the burden was upon plaintiff to show that his name was rightfully placed there. Such is not the rule. The rule is:

"Where the name of an individual appears on the stock book of a bank as a stockholder, the presumption is that he is the owner of the stock, and in an action against him as a stockholder, the burden of rebutting that presumption is cast upon the defendant." 3 R. C. L. 400; Finn v. Brown, 142 U. S. 56, 56 L. Ed. 936.

The Finn Case, supra, involved a national bank, but there is no reason why a different rule should apply in case of state banks. The basis of the presumption is that those charged with the duty of keeping correct records of the ownership of the bank stock perform that duty in accordance with the law.

When, with the other necessary matters, proof was made that the bank books showed defendant to be the owner of five shares of stock, plaintiff had made a prima facie case. The burden then shifted to defendant to prove, if he could, that his name was wrongfully upon the books of the bank as a stockholder.

It was not error to overrule the demurrer to plaintiff's evidence.

It is next contended that the court erred in refusing to sustain defendant's motion for a directed verdict at the close of all the evidence.

It is first stated that this motion should have been sustained because defendant did not receive a certificate of stock and there was no written assignment of any certificate of stock.

"It is not essential that a stockholder who has subscribed and paid for his stock and who has been entered on the books of the bank as a stockholder should have received his certificate of stock to render him liable." 3 R. C. L. 399-400.

It is next contended that the motion for a directed verdict should have been sustained because of the showing made to the effect that the bank was hopelessly insolvent long before defendant began negotiations for the purchase of the stock, and the further showing of gross fraud and deceit on the part of T. L. Walkingshaw in inducing defendant to give his note for the purchase of said stock.

It is clear that Walkinshaw did grossly misrepresent the facts to defendant, not only as to the condition of the bank, but as to the actual ownership of the stock he was inducing defendant to purchase.

He represented that the bank was in a flourishing condition, was making money so that the dividends would pay the interest on the note, and the surplus earnings would eventually pay for the stock, when in truth and in fact the capital stock of the bank was greatly impaired and the Bank Commissioner had already called for an assessment against the stockholders. He also represented that the stock was owned by friends of his who did not live in the vicinity of Salina, and that it would help the bank materially if local residents of influence would purchase this stock and lend their influence towards increasing the bank's business, when in truth he, Walkinshaw, was himself the owner of the stock. This was dishonest "sales talk" by Walkinshaw. He owned the stock and knew of the impairment of the capital of the bank, and knew that an assessment had been called for by the Bank Commissioner. Naturally he was anxious to sell his stock; but the use of unfair or fraudulent methods for the sale of the stock was not the fault of the bank, and certainly not chargeable against creditors of the bank.

"The purchaser of bank shares takes the risk of the financial condition of the bank, good or bad, as it was at the time of his purchase, as well as the future risks. He takes over the liabilities as well as the advantages attached to the shares." 3 R. C. L. 405.

If fraud is practiced upon the purchaser whereby he is induced to purchase the stock, he must look to the party guilty of the

fraud for redress, and not to the depositors or other creditors of the bank.

It was not error to refuse to direct a verdict for defendant.

It is contended that the court erred in directing a verdict for plaintiff.

The testimony of defendant himself discloses that there was no error in this holding. The real question is who was the owner of the particular five shares of stock at the time the bank closed.

Defendant admitted that he agreed with Walkinshaw to purchase five shares of the stock; that he executed his note in the sum of $500 in payment for the stock; that he took a receipt therefor which reads:

"Received of Joe Lewis Five Hundred dollars for five share of the capital stock of the Bank of Salina, Oklahoma.
"Sept. 20, 1930.
"Bank of Salina.
"By T. L. Walkinshaw."

On cross-examination defendant testified in substance that he executed the note in order to get the benefits of the stock, and in order to get the dividends, and that he expected to get the stock when the directors of the bank had a meeting.

He did everything necessary to entitle him to delivery of the stock, although he never did receive a certificate.

The rule seems to be that if a purchaser of bank stock could, at any time, have compelled a transfer to him upon the books of the bank, he is a stockholder therein, and if the bank thereafter becomes insolvent, he cannot escape his statutory liability on the grounds that the stock had not been transferred to him on the books of the bank. If he is entitled to all the rights of a stockholder, he cannot escape the liability of a stockholder. Foster v. Row (Mich.) 79 N. W. 696.

In this case the transfer upon the books of the bank had been made, and we have already seen that actual delivery of the certificate of stock to defendant was not essential to his becoming the owner of the stock.

The contention is made that the court erred in refusing to admit certain evidence offered by defendant.

The evidence offered went largely to the question of fraud practiced by Walkinshaw and to an attempt to show that the stock was practically worthless at the time defendant was induced to purchase it.

Conceding that fraud was practiced and that the stock was practically worthless, those facts would constitute no defense in this action, which is one for the benefit of the depositors and other creditors. There was no error in excluding such evidence.

The judgment is affirmed.

McNEILL, C. J., and WELSH, CORN, and GIBSON, JJ., concur.